1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALARIC SCOTT, JR.,                        No.  2:16-cv-1839-MCE-KJN PS

12                Plaintiff,

13        v.                                    ORDER AND

14   MONICA MCKENNA,                            FINDINGS AND RECOMMENDATIONS

15                Defendant.

16

17

18         Plaintiff Alaric Scott, Jr., who proceeds in this action without counsel,[1] has requested

19   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[2]  Pursuant to 28

20   U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the

21   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

22   which relief may be granted, or seeks monetary relief against an immune defendant.

23

24   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).
25

26   [2] Plaintiff, who claims to be a member of the "Moorish National Republic; Moorish Divine and
     National Movement of the World," and an authorized representative of the person (spelled in all
27   capital letters) ALARIC SCOTT JR., did not fully complete the affidavit regarding financial
     ability.  Nevertheless, in light of the recommended disposition in this case, the issue of plaintiff's
28   financial status is moot.

1

1    For the reasons discussed below, the court concludes that it lacks subject matter

2    jurisdiction over the action.  Accordingly, the court recommends that the action be dismissed and

3    that plaintiff's application to proceed *in forma pauperis* in this court be denied as moot.

4    A federal court has an independent duty to assess whether federal subject matter

5    jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

6    Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

7    to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

8    raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

9    The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject

10   matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

11   Here, plaintiff alleges that defendant Monica McKenna, a revenue agent with the Internal

12   Revenue Service ("IRS"), made an erroneous, gross administrative oversight, which resulted in

13   the illegal assessment of taxes, the unauthorized assessment of a penalty, and the placement of a

14   multi-million dollar lien on plaintiff's property, thereby preventing plaintiff from conducting

15   commerce legally.  Liberally construed, plaintiff alleges that defendant's actions violated the

16   Internal Revenue Laws and plaintiff's constitutional rights.  Plaintiff seeks actual damages in the

17   amount of $1,000,000.00 by cashier's check, as well as injunctive relief (removal of the tax lien

18   from all of plaintiff's property).  (See generally ECF No. 1.)

19   The court lacks subject matter jurisdiction over plaintiff's claim for injunctive relief

20   (removal of the tax lien).

21   "It is well settled that the United States is a sovereign, and, as such, is immune from suit

22   unless it has expressly waived such immunity and consented to be sued.  Such waiver cannot be

23   implied, but must be unequivocally expressed.  Where a suit has not been consented to by the

24   United States, dismissal of the action is required."  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th

25   Cir. 1985) (internal citations omitted).  Furthermore, it "has long been the rule that the bar of

26   sovereign immunity cannot be avoided by naming officers and employees of the United States as

27   defendants.  Thus, a suit against IRS employees in their official capacity is essentially a suit

28   against the United States."  Id.  In this case, although plaintiff has named defendant in her

2

1    individual capacity, plaintiff's claim for injunctive relief can only be conceivably asserted against

2    defendant in her official capacity (i.e., as a claim against the United States), because potential

3    success on that claim would compel the United States, and not defendant individually, to remove

4    the lien.  See Krieg v. Mills, 117 F. Supp. 2d 964, 967 (N.D. Cal. 2000) (collecting cases).

5    Because there has been no proper showing that the United States has waived its sovereign

6    immunity with respect to plaintiff's claim for injunctive relief, the court lacks subject matter

7    jurisdiction over that claim.  Id.; Gilbert, 756 F.2d at 1458-59.  Moreover, the Anti-Injunction Act

8    also generally withdraws jurisdiction from state and federal courts over any actions seeking

9    injunctions prohibiting the collection of federal taxes.  See 26 U.S.C. § 7421(a); Krieg, 117 F.

10   Supp. 2d at 967-68.

11       Additionally, the court lacks subject matter jurisdiction over plaintiff's damages claim.

12   To be sure, sovereign immunity does not bar actions for damages against a federal official in her

13   individual capacity for violations of an individual's statutory or constitutional rights.  See Bivens

14   v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Gilbert,

15   756 F.2d at 1459.  Such claims are commonly referred to as Bivens claims.  However, courts have

16   consistently held that taxpayers are barred from bringing Bivens claims for damages against

17   individual employees of the IRS.  See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990)

18   (holding that "the remedies provided by Congress, particularly the right to sue the government for

19   a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation").

20       Accordingly, IT IS HEREBY RECOMMENDED that:

21       1.  The action be dismissed for lack of subject matter jurisdiction.

22       2.  Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as

23           moot.

24       3.  The Clerk of Court be directed to close this case.

25       In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

26   discovery, and motion practice in this action are stayed pending resolution of these findings and

27   recommendations.  Other than objections to the findings and recommendations or non-frivolous

28   motions for emergency relief, the court will not entertain or respond to any pleadings or motions

3

1  until the findings and recommendations are resolved.

2        These findings and recommendations are submitted to the United States District Judge

3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

4  days after being served with these findings and recommendations, any party may file written

5  objections with the court and serve a copy on all parties.  Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7  shall be served on all parties and filed with the court within fourteen (14) days after service of the

8  objections.  The parties are advised that failure to file objections within the specified time may

9  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

10  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

11        IT IS SO ORDERED AND RECOMMENDED.

12  Dated:  September 20, 2016

13

14                                            KENDALL J. NEWMAN
                                             UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28